IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01093-REB-MEH

JAMA PARKER,

     Plaintiff,

v.

STRYKER CORP. and
HOWMEDICA OSTEONICS CORP., d/b/a STRYKER ORTHOPAEDICS,

     Defendants.

---

**ORDER ON DEFENDANTS' MOTION TO STAY DISCOVERY**

---

     Pending before the Court is Defendants Howmedica Osteonics Corp. and Stryker Corp.'s Motion to Vacate Scheduling Conference and Stay Discovery [filed September 15, 2008; docket #23]. As the Scheduling Conference set for September 19, 2008 was converted and held as a Status Conference, the Court construes that portion of Defendants' Motion as moot. This order decides the request to stay discovery. The matter has been referred to this Court for resolution [docket #24], is briefed, and the Court heard the parties' arguments regarding this motion at the Status Conference. For the reasons stated below, the Court **orders** Defendants' Motion to Stay Discovery be **denied**.

**I.    Background**

     Plaintiff filed this products liability action on May 23, 2008. Plaintiff claims strict liability for failure to warn and defective manufacture and design, negligence, recklessness, and breach of warranties for an allegedly defective artificial hip replacement device implant used in Plaintiff's hip surgery in June 2004. (Compl. 4, 21-27.) Defendants filed a Motion to Dismiss on August 14, 2008, which is briefed and pending. In their Motion to Dismiss, Defendants assert the Supreme Court's holding in *Riegel v. Medtronic, Inc*. interprets the preemption clause of the Medical Device

Amendments ("MDA"), 321 U.S.C. § 360c et seq., to bar "common-law claims challenging the safety and effectiveness of a medical device given premarket approval by the [FDA]." (Defs.' Mot. to Dismiss 7 (citing *Riegel*, 128 S. Ct. 999, 1007, 1011 (2008)).) Defendants support their Motion to Stay Discovery on this same assertion, arguing they should not have to engage in "extensive and voluminous" discovery while the Motion to Dismiss, which they believe is fully dispositive, is pending. (Defs.' Mot. to Stay Disc. 3.)

Plaintiff contends Defendants' claim of preemption is inapplicable to the matter at hand, therefore the Motion to Dismiss is not fully dispositive of Plaintiff's case. (Pl.'s Opp'n to Defs.' Mot. to Stay Disc. 1-2.) Plaintiff argues the *Reigel* Court determined "state requirements are pre-empted under the MDA only to the extent that they are 'different from, or in addition to' the requirements imposed by federal law," which does not preclude common law remedies for parallel claims alleging violations of FDA regulations. (*Id*. at 2 (citing *Riegel*, 128 S. Ct. at 1011).) Plaintiff states her claims against Defendants are permissibly parallel, not preempted. (*Id*. at 5-6.)

## II.  Discussion

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, however Rule 26(c) does permit the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). However, as this Court stated previously, "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milgard Mfg., Inc*., No. 06-cv-02031-WDM-

2

MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007).[1]

As described above, Plaintiff counters Defendants' preemption defense with the assertion that her claims parallel the federal regulations, rather than add to the federal regulations in a manner preempted by the MDA. Determining whether Plaintiff's claims indeed parallel the regulations by properly alleging violations of the FDA regulations will be a fact-specific inquiry. While Defendants cite cases in which preemption was recognized (and presumably discovery did not proceed), Plaintiff cites cases in which the claims withstood a preemption attack in which presumably discovery did proceed. Therefore, staying this case while Defendants' Motion to Dismiss is pending could substantially delay the ultimate resolution of the matter, with adverse consequences such as a decrease in evidentiary quality and witness availability.

Defendants claim that allowing discovery to continue would "unnecessarily subject Defendants to expensive and burdensome discovery and related motion practice," and would impose an "unfair burden" on Defendants. (Defs.' Mot. to Stay Disc. 7-8.) However, defendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs. *See Chavez,* 2007 WL 683973, at *2 . Such is a consequence of our judicial system and the rules of civil procedure; here, therefore, there is no special burden on the Defendants.

The policy generally disfavoring a stay of discovery is particularly true in cases like this one,

---

[1] Defendants rely heavily on the *Namoko* case in support of their Motion to Stay Discovery, however the *Namoko* case is distinguishable on a number of grounds. The *Namoko* Motion to Dismiss argued all of plaintiff's claims in that matter were time-barred, which is a procedural consideration distinct from the substantive evaluation necessary for deciding whether Plaintiff's claims in this case are pre-empted or are permissibly parallel. Furthermore, the Motion to Dismiss in the *Namoko* matter had been referred to this Court for adjudication, and this Court had issued its Recommendation concluding the Motion to Dismiss was both meritorious and case dispositive before deciding whether to stay proceedings. In this case, Defendants' Motion to Dismiss has not been referred to this Court, and this Court declines to investigate the merits of Defendants' Motion to Dismiss for the purposes of ordering a stay of discovery.

pending before Judge Blackburn, who instructs the parties that motions having the effect of delaying proceedings are "strongly discouraged because of the adverse effects they have on case management." REB Practice Stds., I.F. and I.G. Consequently, notwithstanding the agreement of the parties that they would prefer a stay, the more general interests of controlling the court's docket and the fair and speedy administration of justice require that Defendants' Motion to Stay Discovery be denied.

**III. Conclusion**

Accordingly, it is hereby **ORDERED** Defendants' Motion to Stay Discovery [filed September 15, 2008; docket #23] is **DENIED**.

Dated at Denver, Colorado, this 1st day of October, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge